**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Melvin McAFEE, Defendant–Appellant.**

No. 92–2239.

United States Court of Appeals,
Tenth Circuit.

July 7, 1993.

Judith A. Patton, Asst. U.S. Atty., Las Cruces, NM (Don J. Svet, U.S. Atty., Stephen R. Kotz, Asst. U.S. Atty., Albuquerque, NM, with her on the brief), for plaintiff-appellee.

Peter Schoenburg, Asst. Federal Public Defender, Albuquerque, NM, for defendant-appellant.

Before McKAY, Chief Circuit Judge, WOOD, Jr., Senior Circuit Judge,* and ANDERSON, Circuit Judge.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

Melvin McAfee visited the "Hock It To Me Pawn Shop" in Albuquerque, New Mexico on August 21, 1989, purchased a pistol and thereby broke the law. Given that McAfee is a convicted felon, this transaction was illegal. On November 5, 1991, McAfee pled guilty to the offense of having knowingly made a false statement in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). The district court on January 2, 1992, sentenced McAfee to four months imprisonment and two years of supervised release.

After being released from prison, McAfee met with his probation officer on May 1, 1992. The officer explained the many terms of McAfee's supervised release; conditions McAfee had to abide by or face revocation of his supervised release and a return to prison. McAfee proved unwilling to abide by those terms and on August 21, 1992, the probation officer filed a petition seeking an arrest warrant for McAfee and an order directing McAfee to show cause why his supervised release should not be revoked.

According to the petition McAfee violated the terms of his supervised release by not following his probation officer's instructions, by failing to notify the officer of McAfee's

change in residence, by repeatedly using cocaine, by failing to notify his probation officer after being arrested by state police, and by refusing to participate in a mental health counseling program and in a program for substance abuse.

The court held an evidentiary hearing on September 23, 1992. McAfee was represented by counsel and denied the petition's allegations. The probation officer testified that, among other things, McAfee's urine samples had twice tested positive for cocaine and that McAfee had admitted to the officer that he had been using cocaine and marijuana. The court found the government had proved by a preponderance of the evidence that McAfee had violated six terms of his supervised release and set sentencing for October 23, 1992.

At the sentencing hearing McAfee's counsel objected to the government's supervised release violation report statement that 18 U.S.C. § 3583(g) was applicable. This statute mandates that a court sentence a defendant to a prison term "not less than one third of the term of supervised release" when the court finds the defendant violated the terms of his supervised release by possessing a controlled substance. As McAfee's supervised release was for two years, the court would be required under § 3583(g) to sentence McAfee to at least eight months.

McAfee argued that this statute was inapplicable since the petition for revocation did not specifically allege McAfee had "possessed" a controlled substance but instead alleged McAfee had admitted using cocaine and had twice tested positive for cocaine. McAfee charged that it would violate his right to due process to be sentenced for possessing cocaine when the court had only found he used cocaine. The district court rejected McAfee's argument, stating it was implicit that a person could not use drugs without possessing them. After hearing McAfee's allocution, the court revoked McAfee's supervised release and sentenced him to an additional eighteen months in prison.

* Honorable Harlington Wood, Jr., United States Senior Circuit Judge for the Seventh Circuit, sitting by designation.

McAfee filed a timely notice of appeal; we exercise jurisdiction pursuant to 28 U.S.C. § 1291. Our review of orders revoking supervised release is for abuse of discretion, however, we review *de novo* legal questions relating to the applicability of 18 U.S.C. § 3583(g). *See United States v. Rockwell,* 984 F.2d 1112, 1114 (10th Cir.1993).

Before this court McAfee repeats his argument that applying 18 U.S.C. § 3583(g) deprived him of his right to notice when the petition seeking revocation of his supervised release did not specifically allege McAfee had possessed a controlled substance. McAfee states that under 18 U.S.C. § 3583(g) the consequences of "possession" are more severe than those for "use," and had he known he was being charged with possession he would have pursued a "more formal *mens rea* defense based on his long-standing illness of paranoid schizophrenia."

McAfee is correct in stating that the consequences of *possessing* a controlled substance differ from those of *using* one. Section 3853(g) mandates revocation of supervised release only when the court finds the defendant "to be in the possession of a controlled substance." *See United States v. Blackston,* 940 F.2d 877, 884 (3d Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991). We do not agree with McAfee, however, that the petition must specifically allege McAfee "possessed" a controlled substance before § 3853(g) applies.

Just a few months ago this court examined the difference, or lack thereof, between the words "possess" and "use" in the context of § 3853(g). In *United States v. Rockwell,* 984 F.2d 1112 (10th Cir.1993), the defendant's supervised release was revoked and additional prison time imposed pursuant to § 3583(g) for the defendant's possession of a controlled substance. Rockwell argued this was error because the evidence only proved he was using drugs, not that he possessed drugs. We rejected Rockwell's argument that use does not constitute possession by noting that "[t]here can be no more intimate form of possession than use." 984 F.2d at 1114. This court went on to hold that "a controlled substance in a person's body is in the possession of that person for purposes of 18 U.S.C. § 3583(g), assuming the required *mens rea.*

'Use' in this context is synonymous with possession." *Id.*

Of course, "use" and "possession" are not always synonymous. A person, for example a pharmacist, may possess a drug without using it. *Rockwell* simply stands for the unremarkable observation that a person cannot use a drug without possessing it. And McAfee knew the government had alleged his repeated use of cocaine. The petition for revocation stated that McAfee's urine tested positive for cocaine and McAfee admitted using cocaine. These factual allegations were examples of how McAfee had violated condition number seven of his supervised release, a condition which instructed McAfee not to "purchase, possess, use, distribute or administer any narcotic or other controlled substance ... except as prescribed by a physician."

Even though the petition could have been more specific it gave adequate notice to McAfee that the government would seek to prove McAfee had used, and thereby possessed, cocaine. *Cf. United States v. Gordon,* 961 F.2d 426, 429 (3d Cir.1992) (defendant should have anticipated questioning about drug possession when probation violation petition cited positive urine specimens). In these supervised release circumstances it appears that McAfee had no defense to use or possession except to rely upon the technical and strained reading of the notice.

**AFFIRMED.**