42 F.3d 1407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jay WERKMEISTER, Defendant-Appellant.
 No. 94-2058.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1994.
 
 1
 Before ANDERSON and LOGAN, Circuit Judges, and SAFFELS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 SAFFELS, Senior District Judge.
 
 
 4
 Mr. Werkmeister appeals from the trial court's revocation of his supervised release. He argues that the trial court deprived him of procedural due process by refusing him the opportunity to present mitigating evidence regarding his violation of the conditions of his supervised release.
 
 
 5
 On April 26, 1989, Mr. Werkmeister pled guilty to a two count information charging him with establishment of a manufacturing operation, in violation of 21 U.S.C. Sec. 856, and possession of an unregistered firearm, in violation of 26 U.S.C. Sec. 5861(d). On June 7, 1989, the trial court sentenced him to twenty-seven months as to each count, with the sentences to run concurrently, and placed him on supervised release for three years as to each count, with the terms also to run concurrently. His supervised release commenced February 21, 1991.
 
 
 6
 On January 11, 1993, the conditions of his supervised release were modified to require him to participate in a substance abuse program, as directed by the United States Probation Office, which could include drug testing.
 
 
 7
 On July 27, 1993, Dean Johnson, the probation officer involved with Mr. Werkmeister's supervised release, petitioned the court to revoke his release. The petition alleged Mr. Werkmeister submitted urine specimens March 8, 1993, June 14, 1993, June 16, 1993, June 21, 1993, and June 30, 1993, which tested positive for marijuana. The petition charged Mr. Werkmeister with violating standard condition of supervised release no. 7 which provides as follows: "[t]he defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substance except as prescribed by a physician."
 
 
 8
 The trial court held a revocation hearing December 12, 1993, which the trial judge continued to January 6, 1994.[1] At the hearing, Mr. Johnson testified Mr. Werkmeister submitted several urine samples which were positive for marijuana. Mr. Johnson also testified Mr. Werkmeister admitted during interviews with him that he had been using marijuana. Mr. Werkmeister's counsel sought to cross-examine Mr. Johnson as to "mitigating circumstances." Specifically, he sought to inquire as to Mr. Werkmeister's reasons for using marijuana and whether Mr. Johnson informed Mr. Werkmeister of the possible consequences. The trial judge refused to allow counsel to develop these "mitigating circumstances." Mr. Werkmeister now argues the trial court's refusal deprived him of procedural due process
 
 
 9
 In United States v. Rockwell, 984 F.2d 1112 (10th Cir.1993), cert. denied, --- U.S. ----, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993), defendant served thirty months for bank robbery after which he was placed on a three year term of supervised release. During his supervised release, he tested positive for illegal drug use in three urinalyses. He also admitted using illegal drugs. The trial court revoked his supervised release pursuant to 18 U.S.C. Sec. 3583(g). Mr. Rockwell argued on appeal that the trial court erred because Sec. 3583(g) requires revocation only on a finding of possession; mere use is insufficient. He further argued that his urinalyses and admission established use, but not possession. We rejected his argument reasoning that "[t]here can be no more intimate form of possession than use." Id. at 1114. Specifically, we held that "a controlled substance in a person's body is in the possession of that person for purposes of 18 U.S.C. Sec. 3583(g), assuming the required mens rea." Id.
 
 
 10
 In the instant case, the trial court found Mr. Werkmeister was advised of the conditions of his supervised release and understood them. The trial court also found that Mr. Werkmeister submitted several urine specimens that tested positive for marijuana and admitted he used marijuana. To the extent Mr. Werkmeister attempts to distinguish his marijuana "use" from "possession," his argument is unavailing.
 
 
 11
 The conditions of supervised release are controlled by 18 U.S.C. Sec. 3583(d). Section 3583(d) requires courts to order, as an explicit condition of supervised release, that the defendant not possess illegal controlled substances. The consequences of possession are set forth in Sec. 3583(g) which provides, in pertinent part, as follows: "[i]f the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release...." 18 U.S.C. Sec. 3583(g) (emphasis added). Section 3583(g) contains mandatory language requiring courts to revoke supervised release when a defendant is found to be in possession of a controlled substance. United States v. McAfee, 998 F.2d 835, 837 (10th Cir.1993); United States v. Headrick, 963 F.2d 777, 779 (5th Cir.1992).
 
 
 12
 The protections of the Due Process Clause extend to supervised release revocation hearings. United States v. Copeland, 20 F.3d 412, 414 (11th Cir.1994); United States v. Copley, 978 F.2d 829, 831 (4th Cir.1992); cf. Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (probation revocation); Morrissey v. Brewer, 408 U.S. 471, 480-82 (1972) (parole revocation). However, a defendant in a supervised release hearing is not entitled to all of the same protections owed to a defendant in a criminal proceeding. Cf. Morrissey, 408 U.S. at 480 (stating that "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply"). In the context of a revocation hearing, the minimum protections include the following: (1) written notice of the claimed violation; (2) disclosure of the evidence against the individual; (3) opportunity to be heard and to present evidence; and (4) the right to cross-examine adverse witnesses. See Morrissey, 408 U.S. at 489; United States v. Martin, 984 F.2d 308, 310 (9th Cir.1993) (stating that Fed.R.Crim.P. 32.1 incorporates the minimum protections set forth in Morrissey); United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991) (discussing the protections set forth in Morrissey in the context of the revocation of supervised release); cf. Federal Rule of Criminal Procedure 32.1(b).
 
 
 13
 Mr. Werkmeister appears to base his due process argument on his rights to present evidence and cross-examine witnesses. However, the matter he intended to develop at his revocation hearing could have had no bearing on the trial court's decision to revoke. Section 3583(g) is clear. It mandates revocation where a court finds an individual has possessed a controlled substance in violation of Sec. 3583(d). The trial court did not have the discretion to consider mitigating factors. Thus, the mitigating circumstances Mr. Werkmeister sought to establish were not relevant to the trial court's inquiry. Furthermore, the record on appeal establishes that the trial court complied with the requirements of Fed.R.Crim.P. 32.1(b). We conclude, therefore, that the trial court did not violate Mr. Werkmeister's rights under the Due Process Clause.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Dale E. Saffels, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 On December 12, 1993, the trial judge granted Mr. Werkmeister a continuance to inspect notes prepared by Mr. Johnson that related to his interviews of Mr. Werkmeister. The trial judge reconvened the hearing January 6, 1994