61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert D. GLOSSIP, Defendant-Appellant.
 No. 94-6349
(D.C. No. CR-90-228-R)
 United States Court of Appeals, Tenth Circuit.
 July 18, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.[2]
 
 
 2
 Defendant-Appellant Robert D. Glossip ("Glossip") appeals the district court's order revoking his supervised release and imposing a twelve-month term of imprisonment. The court's order was based on its finding, after an evidentiary hearing, that Glossip had violated the terms of his supervised release by: (1) failing to timely notify his probation officer after being arrested; and (2) being in possession of and using the controlled substances methamphetamine and/or amphetamine. Glossip's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), to set forth Glossip's challenges to the district court's ruling below.
 
 
 3
 Upon review of the record, we find ample evidence to support the district court's findings. Glossip was arrested in June of 1994 as a material witness in a homicide case and he did not inform his probation officer of that arrest until August, which violated his release provision requiring such notice within 72 hours. On August 8, 1994, Glossip tested positive for the drugs specified by the district court, and he later admitted to using "crank," which is clearly prohibited by the terms of his release.
 
 
 4
 Glossip argues that, even assuming the existence of these two violations, the appropriate response was not to revoke his release and impose twelve months of imprisonment. Instead, Glossip argues that the court should have granted his request to continue his release subject to participation in a mandatory drug treatment program, which is a permissible alternative to incarceration under some circumstances. See United States Sentencing Guidelines ("U.S.S.G.") 7B1.3(a)(2). Glossip also contends that even if revocation was an appropriate response, the term of his imprisonment should not have exceeded ten months. See U.S.S.G. 7B1.4(a) (setting an imprisonment range of 4-10 months for Grade C release violations by a defendant with a criminal history category of II).
 
 
 5
 However, because 18 U.S.C. 3583(g) governed the court's decision in this case, both of Glossip's arguments are unprevailing. Section 3583(g) provided that "[i]f the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release."[3] 18 U.S.C. 3583(g) (emphasis added). This court has held that the existence of a controlled substance in a person's body constitutes "possession" of that substance for purposes of 3583(g). United States v. Rockwell, 984 F.2d 1112, 1114 (10th Cir.), cert. denied, 113 S.Ct. 2945 (1993); United States v. McAfee, 998 F.2d 835, 837 (10th Cir.1993). Because Glossip's positive drug test thus constitutes a finding that Glossip "possessed" a controlled substance while on supervised release, the court appropriately revoked Glossip's release and imposed a twelve-month term of imprisonment, which is one-third of Glossip's three-year term of release. See also U.S.S.G. 7B1.4(b)(2) (explaining that where a statute contains a minimum term of imprisonment after revocation of supervised release that exceeds the range of imprisonment provided by the Guidelines, the court should substitute the statutory minimum).
 
 
 6
 Accordingly, we AFFIRM the district court's order revoking Glossip's supervised release and imposing twelve months of imprisonment. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court granted Appellant's application to proceed in forma pauperis pursuant to 28 U.S.C.1915(a)
 
 
 [3]
 We note that 18 U.S.C. 3583(g) was amended one day after the district court's order revoking Glossip's release. The new version of 3583(g) replaced the minimum incarceration requirement with various sentencing maximums. Because both parties in this case have continued to argue their positions under the version that was in place at the time of the district court's order, we do not address the applicability of the amended version of 3583(g)