**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

TENND CIRCUIT

**JUL 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSEPH NORBERTO,

    Defendant-Appellant.

No. 97-3003

(D.C. No. 93-10040-03)

(D. Kan.)

ORDER AND JUDGMENT[*]

Before Tacha, Baldock, and Lucero, Circuit Judges.[**]

Defendant Joseph Norberto appeals the district court's revocation of his supervised release and seeks to appeal his resulting sentence under 18 U.S.C. § 3742(a). We have jurisdiction under 28 U.S.C. § 1291 to review the revocation and determine the district court did not err in revoking Norberto's supervised release. However, we lack

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

jurisdiction to review the resulting sentence because it is within the applicable guideline range.

In 1994, Norberto pleaded guilty to one count of a five count indictment and was sentenced to just over 12 months imprisonment, followed by a three-year term of supervised release. At a revocation hearing in January 1997, the district court found that Norberto committed five Grade C violations of the conditions of his supervised release. The court found that he failed to submit a proper monthly report to his probation officer, failed to work regularly at a lawful occupation, failed to notify his probation officer within 72 hours of a change in residence or employment, failed to refrain from the use of marijuana, and failed to participate in a substance abuse program. The district court revoked Norberto's supervised release and sentenced him to 13 months imprisonment.

First, Norberto seems to contend that the district court erred in revoking his supervised release. We review an order revoking supervised release for an abuse of discretion. See United States v. McAfee, 998 F.2d 835, 837 (10th Cir. 1993). However, we review de novo relevant questions of law. See United States v. Hall, 984 F.2d 387, 389 (10th Cir. 1993). The district court did not abuse its discretion in revoking Norberto's supervised release based on his findings of five Grade C violations of the conditions of that release, one of which was marijuana use. See 18 U.S.C. § 3583(e)(3); id. § 3583(g)(1); United States v. Rockwell, 984 F.2d 1112, 1114-15 (10th Cir. 1993) (affirming revocation of supervised release for the use of marijuana). Norberto did not

challenge the facts underlying the alleged violations and sought only at the revocation hearing to explain that he had held a job for 13 of the 15 months that he was on supervised release and that he had attended a substance abuse program for 13 months as well.

Second, Norberto contends that the district court abused its discretion in sentencing him to 13 months imprisonment based on what he characterizes as minor and technical violations. When a district court finds a Grade C violation, the court may revoke supervised release or extend its term or modify its condition. See U.S.S.G. § 7B1.3(a)(2). In Norberto's case, the sentencing range suggested by the guidelines is 7-13 months imprisonment. See U.S.S.G. § 7B1.3(b); id. § 7B1.4; see also Rockwell, 984 F.2d at 1115. Norberto only contends that the district court abused its discretion in sentencing him at the high end of the recommended range. The general rule is that § 3742(a) does not allow an appeal "because of a claim that a particular sentence is draconian." United States v. Garcia, 919 F.2d 1478, 1479-80 (10th Cir. 1990). Although § 7B1.4 is merely advisory rather than mandatory in the context of a revocation of supervised release, see United States v. Hurst, 78 F.3d 482 (10th Cir. 1996), the jurisdictional rules surrounding § 3742(a) apply in this context. Section 3742(a) prescribes the conditions under which a defendant may appeal a final sentence, and its language does not limit its application to the context of sentences imposed immediately after conviction. We see no reason to treat the two contexts differently. Thus, we lack

appellate jurisdiction to review the district court's imposition of the 13-month sentence as it is within the range suggested by § 7B1.4.

AFFIRMED IN PART AND DISMISSED IN PART.


Entered for the Court,


Bobby R. Baldock
Circuit Judge