F I L E D
United States Court of Appeals
Tenth Circuit

JUL 29 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 97-1043 |
| v. | (D.C. No. 95-CR-87-S) |
| JASON NICHOLSON, | (D. Colo.) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant/Defendant Jason Nicholson appeals from the district court's order

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

revoking his supervised release.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Mr. Nicholson pled guilty in the United States District Court for the District of Colorado to a one-count information charging him with conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 (1994).  On April 18, 1996, the district court sentenced Mr. Nicholson to a term of four months imprisonment to be followed by a three-year term of supervised release.  Mr. Nicholson completed his term of imprisonment on June 28, 1996, and his term of supervised release commenced on that date.

Thereafter, on November 20, 1996, Mr. Nicholson's probation officer filed a motion to revoke Mr. Nicholson's supervised release.  The petition alleged Mr. Nicholson had violated his supervised release by:  (1) operating a motor vehicle while his license was suspended; (2) failing to follow certain instructions issued by his probation officer; and (3) failing to make monthly child support payments as directed by the district court.  On January 16, 1997, the district court held a hearing on the petition to revoke Mr. Nicholson's supervised release.  At the

hearing, the court determined Mr. Nicholson had committed grade C violations[1] of his supervised release and sentenced Mr. Nicholson to a ten-month term of imprisonment to be followed by a supervised release term of twenty-nine months and fourteen days.

On appeal, Mr. Nicholson asserts only one issue. He contends the district court abused its discretion by sentencing him on the basis of criteria outside of 18 U.S.C.A. § 3553 (1994 and Supp. 1997). According to Mr. Nicholson, the court improperly sentenced him on the basis of his attitude, and, in doing so, ignored the sentencing factors to be considered in imposing a sentence under 18 U.S.C.A. § 3553. We review a district court's order revoking a defendant's supervised release for an abuse of discretion, although we review *de novo* legal questions relating to the applicability of 18 U.S.C.A. § 3553 and 18 U.S.C.A. § 3583 (Supp. 1997). *See United States v. McAfee*, 998 F.2d 835, 837 (10th Cir. 1993). Generally, we will not reverse a sentence imposed following the revocation of a defendant's supervised release "if it can be determined from the record to have been reasoned and reasonable." *United States v. Lee*, 957 F.2d 770, 774 (10th

---

[1] A Grade C violation of supervised release is "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3) (Nov. 1995).

Cir. 1992).

Under 18 U.S.C.A. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C.A. § 3553(a), "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release ...." 18 U.S.C.A. § 3553(a) provides, in pertinent part, the court "shall consider" the following factors in determining the particular sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed --
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

"While there is no requirement that the district court make specific findings relating to each of the factors considered, the sentencing court should state the

reasons for its action." *Lee*, 957 at 774-75 (internal citation omitted); *accord*

*United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir.), *cert. denied*, 117 S.

Ct. 446 (1996).

In the present case, the district court concluded Mr. Nicholson committed

three Grade C violations of his supervised release. Specifically, the court found

Mr. Nicholson operated a motor vehicle without a valid driver's license, he failed

to follow the specific instructions of his probation officer, and he failed to

support his dependents in violation of a court order. The court found the

violations occurred over a substantial period of time and that Mr. Nicholson

"absolutely refuses [to follow the law] because it's not convenient for him to

follow the law." The court further stated:

> [I]t appears that at this point in time he isn't amenable to supervision.
> I think the probation officer has made it clear that Mr. Nicholson's
> attitude makes him unavailable for further supervised release,
> although with grade C violations that is an option of this Court.
>
> It appears Mr. Nicholson needs to have a little time to consider
> whether or not he is going to continue with the attitude that he has
> with regard to following the rules, following the probation officer's
> directions, following the Court's directions, and it is this Court's
> opinion that it would be appropriate under the circumstances that Mr.
> Nicholson be remanded to the custody of the United States Marshal
> to serve a term of confinement ... and then we will start the
> supervised release program over again. And give [Mr. Nicholson] an
> opportunity to correct [his] past errors.

The court then sentenced Mr. Nicholson to a ten-month term of imprisonment to

be followed by a term of supervised release of twenty-nine months and fourteen days.

Our review of the district court's statements reveals the revocation of Mr. Nicholson's probation was both reasoned and reasonable. Although Mr. Nicholson's poor attitude was clearly considered by the court, this was a valid consideration. 18 U.S.C.A. § 3553(a)(1) requires the court to consider the history and characteristics of the defendant. Moreover, Mr. Nicholson's attitude was not the only factor the court took into consideration. As stated, the court concluded Mr. Nicholson had committed three violations and these violations had occurred over a substantial period of time. The court simply concluded that further supervised release was not a sufficient deterrent to Mr. Nicholson's improper conduct. The court believed that a ten-month term of imprisonment was necessary to effectively correct Mr. Nicholson's conduct. In conclusion, we find the court considered all of the required factors in revoking Mr. Nicholson's supervised release, and the court did not abuse its discretion in sentencing Mr. Nicholson to a ten-month term of imprisonment.

Based on the foregoing reasons, we hereby **AFFIRM** the revocation of Mr. Nicholson's supervised release.

**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge