**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

MELISSA LYNN BEKEDERMO,

　　Defendant-Appellant.

No. 99-5108
(N. District of Oklahoma)
(D.C. No. 96-CR-58-H)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

　　In 1996, Melissa Bekedermo pleaded guilty to one count of conspiracy in violation of 18 U.S.C. § 371, one count of bank fraud in violation of 18 U.S.C. §

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1344, and one count of making a false statement in violation of 18 U.S.C. § 1001. The district court sentenced Bekedermo to a six-month term of incarceration, a three-year term of supervised release on the conspiracy and false statement convictions, and a five-year term of supervised release on the bank fraud conviction. In January of 1999, the United States Probation Office filed a Petition on Supervised Release. The Petition alleged that Bekedermo had violated a special condition of her supervised release in that she had committed another crime. In particular, the Petition alleged that Bekedermo had made false statements to the United States Department of Agriculture ("USDA") and United States Department of Housing and Urban Development ("HUD") in efforts to fraudulently obtain federally subsidized housing. At the conclusion of a hearing on the Petition, the district court revoked Bekedermo's supervised release, sentenced her to a term of incarceration of eighteen months, reimposed the remaining forty-two month term of her supervised release, and reimposed an order of restitution.

The case is before the court on counsel's *Anders* brief and motion to withdraw. In his brief, counsel indicates that Bekedermo insists on raising the following two issues on appeal: (1) whether she was properly supervised by the probation office in the Northern District of Oklahoma, the district where Bekedermo was convicted and began serving her term of supervised release,

during those periods when she was living in the Eastern District of Oklahoma; and (2) whether the evidence was sufficient to show that Bekedermo had violated her terms of supervised release. According to counsel, he has undertaken a "thorough and conscientious examination of the record and . . . file in this case" and, based on that review, concluded that neither issue is meritorious. Bekedermo was given a copy of her counsel's *Anders* brief and an opportunity to respond; no such response was ever filed.

After conducting a thorough review of the record in this case, we agree that Bekedermo's assertions of error are completely without merit. As to Bekedermo's claims regarding the propriety of a probation officer from the Northern District of Oklahoma supervising her while she was residing in the Easter District of Oklahoma, this court, like Bekedermo's counsel, was unable to find any authority, rule, or regulation prohibiting supervision by a neighboring probation office. Furthermore, Bekedermo's claims regarding the sufficiency of the evidence are clearly frivolous. The United States adduced uncontradicted evidence that Bekedermo had applied for federally subsidized housing from both the USDA and HUD. The USDA and HUD application forms submitted with the Petition demonstrated that, as part of the application for such aid, Bekedermo had stated she lived alone with her three children and was the household's sole source of income. Furthermore, the United States adduced reports filed by Bekedermo as

part of the supervised release self-reporting requirements. Those reports indicated that Bekedermo's husband lived with her during the periods covered in the USDA and HUD aid applications, that Bekedermo's husband was employed during that time period, and that the Bekedermos' combined income during that period was far in excess of the limitations to receive assistance. This documentary evidence is more than sufficient to satisfy the government burden of proving a violation of the terms of supervised release by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3). Accordingly, the district court did not abuse its discretion in concluding that "there is overwhelming evidence that the federal law was violated by Melissa Bekedermo" and, therefore, revoking Bekedermo's term of supervised release. *See United States v. McAffee*, 998 F.2d 835, 837 (10th Cir. 1993).

The judgment of the United States District Court for the Northern District of Oklahoma revoking Bekedermo's supervised release is hereby **AFFIRMED**. Counsel's motion to withdraw is **GRANTED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

-4-