**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

NELSON BEKEDERMO, aka Nelson
Becks, aka Nelson Bekederemo, aka
Nelson Bekedebermo,

    Defendant-Appellant.

No. 99-5145
(N. District of Oklahoma)
(D.C. No. 96-CR-58-H)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This court therefore honors the parties' requests and orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1996, Nelson Bekedermo pleaded guilty to a single count of conspiracy to commit bank fraud under 18 U.S.C. § 371; he was sentenced to a six-month term of imprisonment to be followed by a three-year period of supervised release. While Bekedermo was serving his term of supervised release, the United States Probation Office ("USPO") filed a petition to revoke his supervised release (the "Petition") on the grounds that he had violated two conditions of supervised release. The Petition alleged that Bekedermo (1) violated a special term of his supervised release which precluded Bekedermo from applying for any loan or credit arrangement without first consulting with the USPO; and (2) violated a general term of his supervised release–that he refrain from committing any further federal, state, or local crimes–when he applied for, received, and used a credit card which was issued in Bekedermo's own name but based upon an application that contained the social security number of his minor son, Nelson Bekedermo, Jr. At the conclusion of a hearing on the Petition, the district court revoked Bekedermo's supervised release and sentenced him to a term of incarceration of ten months to be followed by a twenty-four month term of supervised release.

The case is before this court on Bekedermo's appellate brief, which asserts that the district court's order of revocation is not supported by sufficient evidence, and his unopposed motion to expedite this appeal. This court exercises

jurisdiction pursuant to 28 U.S.C. § 1291, **grants** Bekedermo's motion to expedite, and **affirms** the district court's order of revocation.

This court reviews a district court decision to revoke a term of supervised release for abuse of discretion and its subsidiary factual findings for clear error. *United States v. McAffee*, 998 F.2d 835, 837 (10th Cir.1993); *United States v. Hall*, 984 F.2d 387, 389 (10th Cir. 1983). In order to revoke Bekedermo's term of supervised release, the trial court must find by a preponderance of the evidence that he violated a condition of his release. *See* 18 U.S.C. § 3583(e)(3). The trial court, as the trier of fact, has the exclusive function of appraising credibility, determining the weight to give testimony, drawing inferences from the facts established, and reaching ultimate determinations of fact. *United States v. Leach*, 749 F.2d 592, 600 (10th Cir.1984). In reviewing the sufficiency of the evidence, this court must view all of the evidence, both direct and circumstantial, and all reasonable inferences to be drawn therefrom, in the light most favorable to the government. *Id.*

As the first ground for revocation of Bekedermo's supervised release, the Petition alleged that Bekedermo feloniously used his son's social security number on a credit card application in violation of 42 U.S.C. § 408(a)(7)(B). Section 408(a)(7)(B) makes it a felony for any person to falsely represent, with intent to deceive, that a social security number is theirs. At the revocation hearing,

Bekedermo stipulated as follows: that he had submitted, under his own name, a credit card application containing his son's social security number, that based upon the application he had been issued a credit card, and that he had received and used the card. Accordingly, the sole question of fact at the revocation hearing was whether Bekedermo included his son's social security number on the credit card application with the intent to deceive. In support of its contention that Bekedermo used his son's social security number with intent to deceive, the USPO adduced the following evidence at the revocation hearing: (1) the social security number of Nelson Bekedermo, Jr., 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, bore no resemblance to Bekedermo's social security number, 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; (2) the social security number Bekedermo listed on the credit card application belonged to his namesake son, instead of to one of Bekedermo's other children, increasing the chances that the incorrect number would go undetected; (3) the use of the son's social security number allowed Bekedermo to obtain the credit card on appreciably better terms that if he had used his own social security number[1]; and (4) the underlying conviction for which Bekedermo was serving the term of supervised release involved a conspiracy to defraud a credit card company.

---

[1]A representative of the bank that issued the credit card indicated to the USPO that the credit card issued to Bekedermo normally required a $300 deposit. Because the results of the credit check utilizing Nelson Bekedermo, Jr.'s social security number were favorable, however, the bank only required a $49 deposit.

On appeal, Bekedermo recognizes that the question of intent must generally be proved by circumstantial evidence. Nevertheless, citing to a number of direct-appeal cases involving convictions under § 408(a)(7)(B), Bekedermo asserts that the circumstantial evidence adduced by the government in this case is not sufficiently weighty to prove an intent to deceive. The problem with Bekedermo's argument is that in each of the cases he cites, the applicable standard of proof was beyond a reasonable doubt. In the context of a revocation of supervised release, however, the USPO must simply prove by a preponderance of the evidence that Bekedermo used his son's social security number on the credit card application with the intent to deceive. *See* 18 U.S.C. § 3583(e)(3). Drawing all reasonable inferences from the circumstantial evidence in favor of the government, *Leach*, 749 F.2d at 600, we conclude that the district court did not abuse its discretion in concluding the USPO proved by a preponderance of the evidence that Bekedermo violated a condition of his supervised release by violating § 408(a)(7)(B). *See McAffee*, 998 F.2d at 837 (holding that this court reviews a district court decision to revoke a term of supervised release for abuse of discretion and its subsidiary factual findings for clear error).[2] The judgment of

---

[2]Because this court concludes that the district court did not err in revoking Bekedermo's supervised release on the grounds that he violated the general prohibition against committing any further crimes, we need not address the propriety of the district court's alternate conclusion that Bekedermo violated a special term of supervised release. *See United States v. Fries*, No. 98-4416, 1999

the United States District Court for the Northern District of Oklahoma revoking

Bekedermo's supervised release is hereby **AFFIRMED**.

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge

---

WL 824678, at *3 (6th Cir. Oct. 8, 1999).