F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES MCFRANCIS CRUMB, JR.,

    Defendant - Appellant.

No. 02-1026
D.C. No. 94-CR-321-Z
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

    Defendant-Appellant James McFrancis Crumb, Jr. appeals from the revocation of his supervised release which resulted in a sentence of 14 months imprisonment and an order to pay the balance of previously-ordered restitution. We have jurisdiction under 28 U.S.C. § 1291 to review the revocation and conclude that the district court did not abuse its discretion in revoking his release.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We lack jurisdiction to review the resulting sentence because it is within the applicable guideline range and therefore dismiss that portion of the appeal.

Background

In 1995, after pleading guilty to one count of escape and one count of bank fraud, Mr. Crumb was sentenced to 37 months of imprisonment and five years of supervised release and was ordered to pay $51,844.96 in restitution. During his term of supervised release, Mr. Crumb was arrested for alleged violations of the conditions of his release, including two counts of violation of law (based upon state court charges of theft, criminal impersonation and forgery), three counts of drug use and one count of failure to report an arrest. See 18 U.S.C. § 3583(e), (g). The parties agreed to withdraw the first two counts of violation of law. At the hearing before the district court, Mr. Crumb admitted to the three counts of drug use and the count of failure to report an arrest. On the basis of evidence presented at the hearing, the district court revoked supervised release, imposed a 14-month sentence of imprisonment and ordered Mr. Crumb to pay the balance of his restitution in the amount of $50,245.00. Mr. Crumb appealed, and we now affirm.

Mr. Crumb's counsel, the Federal Public Defender, has submitted an Anders brief and a motion to withdraw from representation. See Anders v.

California, 386 U.S. 738, 744 (1967). Counsel's brief acknowledges that the revocation of supervised release on the basis of the admitted drug use and failure to report an arrest was within the district court's discretion. Aplt. Br. at 7. Furthermore, Counsel's brief suggests that because Mr. Crumb's sentence was within the guideline range set forth in U.S.S.G. § 7B1.4, this court lacks jurisdiction to review the sentence. Aplt. Br. at 9. Although afforded the opportunity, Mr. Crumb has not filed a response to the brief and motion submitted by counsel. After review of the record and counsel's brief, we conclude there are no meritorious issues for appeal.

The district court did not abuse its discretion based on its findings of four Grade C violations that were admitted by Mr. Crumb at the hearing. See 18 U.S.C. § 3583(e), (g); U.S.S.G. § 7B1.1(a)(3) (defining Grade C violations); United States v. McAfee, 998 F.2d 835, 837 (10th Cir. 1993) (abuse of discretion standard). None of the underlying facts regarding the Grade C violations were contested at the hearing, and none of the facts are now contested.

When a district court finds a Grade C violation, it may revoke supervised release or extend its term or modify its condition. U.S.S.G. § 7B1.3(a)(2). In Mr. Crumb's case, the sentencing range suggested by the guidelines is 8-14 months of imprisonment. U.S.S.G. §§ 7B1.3(b), 7B1.4(a). The general rule is that 18 U.S.C. § 3742(a) does not allow an appeal "because of a claim that a particular

sentence is draconian." United States v. Garcia, 919 F.2d 1478, 1479-80 (10th Cir. 1990). Although § 7B1.4 is merely advisory rather than mandatory in the context of a revocation of supervised release, see United States v. Hurst, 78 F.3d 482 (10th Cir. 1996), the jurisdictional rules surrounding § 3742(a) apply in this context. Section 3742(a) prescribes the conditions under which a defendant may appeal a final sentence, and its language does not limit its application to the context of sentences imposed immediately after conviction. We see no reason to treat the two contexts differently. Thus, we lack appellate jurisdiction to review the district court's imposition of the 14-month sentence as it is within the range suggested by § 7B1.4. See United States v. Norberto, No. 97-3003, 1997 WL 375362 at *1 (10th Cir. July 8, 1997) (unpublished); but see United States v. Calvin, No. 00-1112, 2000 WL 1790028 at *2 (10th Cir. Nov. 29, 2000) (unpublished) (relying on United States v. Sweeney, 90 F.3d 55, 57 (2d Cir. 1996) and concluding that receipt of a term within the sentencing range does not preclude appellate review).

In light of the foregoing, we GRANT counsel's motion to withdraw, AFFIRM the revocation of supervised release, and DISMISS the appeal of the sentence.

> Entered for the Court
>
> Paul J. Kelly, Jr.
> Circuit Judge

- 4 -