**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

LYNN GERALD WORTMAN,

　　　　Defendant-Appellant.

No. 05-2238
(D.C. No. CR-01-1190 JP)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Following mandatory revocation of supervised release for testing positive for drug use, Lynn Wortman was sentenced to six months' imprisonment. He appeals the district court's decision to imprison him arguing that he should have been placed in a residential treatment program and that the district court imposed an unreasonable sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM** the district court and **DISMISS** the appeal.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lynn Wortman was sentenced to 18 months' imprisonment and 3 years' supervised release following his guilty plea to an indictment charging possession of a unregistered firearm. After he was released from prison, and two years through his term of supervised release, the United States Probation Office filed a petition for revocation of supervised release, alleging that Wortman had failed to comply with mandatory conditions of supervised release by illegally possessing and using controlled substances. The petition also alleged that Wortman had violated a special condition of his supervised release by testing positive for drug use on four occasions and failing to submit to drug testing on six occasions.

At the hearing held on the petition for revocation of supervised release, Wortman admitted to testing positive for methamphetamine use on four occasions, and to failing to submit himself to drug testing on six occasions. Pursuant to 18 U.S.C. §§ 3583(g)(1), (3),[1] the district court revoked Wortman's supervised

---

[1] 18 U.S.C. §§ 3583(g) provides:
Mandatory revocation for possession of controlled substance or firearm or for refusal to comply with drug testing. – If the defendant –
    (1) possesses a controlled substance in violation of the condition set forth in subsection (d);
    (2) possesses a firearm, as such term is defined in section 921 of this title, in violation of Federal law, or otherwise violates a condition of supervised release prohibiting the defendant from possessing a firearm;
    (3) refuses to comply with drug testing imposed as a condition of supervised release; or
    (4) as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year;
the court shall revoke the term of supervised release and require the

(continued...)

release and imposed a new sentence: six months' imprisonment and two years' supervised release. Wortman now appeals both the district court's decision to revoke his supervised release as well as the imposition of six months' imprisonment.

Although Wortman concedes that he met the preconditions for mandatory revocation of supervised release under 18 U.S.C. §§ 3583(g)(1), (3), he argues that the district court erred by not placing him in a residential substance treatment program pursuant to 18 U.S.C. § 3583(d). We review this challenge to the district court's order revoking supervised release for abuse of discretion. United States v. McAfee, 998 F.2d 835, 837 (10th Cir. 1993). Wortman relies upon the following provision from 18 U.S.C. § 3583(d):

> The court shall consider whether the availability of appropriate
> substance abuse treatment programs, or an individual's current or
> past participation in such programs, warrants an exception in
> accordance with United States Sentencing Commission guidelines
> from the rule of section 3583(g) when considering any action against
> a defendant who fails a drug test.

In its sentencing hearing, the district court explained why it refused to place Wortman in a residential treatment program. After noting that Wortman had already spent close to eighteen months in prison, the district court observed that the forty-hour substance abuse program he undertook while in prison appeared

[1](...continued)
defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

entirely ineffectual: Wortman tested positive for methamphetamine use four times since he left prison, once while the petition for revocation of supervised release was pending. The court also expressed its concern that Wortman had refused to acknowledge to the United States Probation Office that he had a serious problem with drug abuse. As such, the district court did not abuse its discretion by imposing a term of imprisonment.

Wortman also challenges the district court's imposition of a six month sentence. The district court must revoke a defendant's supervised release and impose a term of imprisonment of up to two years if the original offense of conviction was a Class C felony, as it was in this case.[2] 18 U.S.C. § 3583(e)(3). In doing so, the district court must comply with the general sentencing statutes, set forth in 18 U.S.C. §§ 3551 thru 3559, and must consider the recommendations set forth by the Sentencing Commission in the sentencing guidelines. United States v. Burdex, 100 F.3d 882, 884 (10th Cir. 1996). Chapter 7 of the Guidelines, which addresses probation and supervised release, does not provide a guideline range for a defendant who violates the conditions of his or her supervised release. Instead, it sets forth a non-binding policy statement. U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a). The policy statement suggests that a range of three to nine months is an appropriate range for a defendant who, like Wortman,

---

[2] A Class C felony is one in which the statutory maximum sentence is less than 25 years but ten years or more. 18 U.S.C. § 3559(a)(3).

- 4 -

was originally convicted of a Class C felony, and who is in criminal history category I. Id.

Wortman argues that the district court gave insufficient weight to several of the factors set forth in 18 U.S.C. § 3553(a). We reverse a sentence imposed for a supervised release violation only if it is "plainly unreasonable." United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004). Here, the district judge was required to revoke Wortman's supervised release, and six months' imprisonment was within the guideline range. U.S.S.G. §§ 7B1.1, 7B1.4. Likewise, the sentence did not exceed the two-year maximum imprisonment term for class C felonies. See 18 U.S.C. § 3583(e)(3). The district court's decision was not plainly unreasonable.

Accordingly, we **AFFIRM** the district court and **DISMISS** the appeal.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge