**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 27, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

HESIQUIO J. BOWERS,

      Defendant-Appellant.

No. 06-3308
(D.C. No. 97-CR-010053-WEB)
District of Kansas

**ORDER AND JUDGMENT**[*]

Before **McWILLIAMS**, Senior Circuit Judge, **ANDERSON**, Senior Circuit Judge and **BRORBY**, Senior Circuit Judge.

On September 26, 1997, Hesiquio Bowers (the defendant) pled guilty in the district

court for the District of Kansas, to a charge of Obstruction of Commerce by Robbery in

violation of 18 U.S.C. §1951 and to a second count charging him with Possession of a

Firearm During a Crime of Violence in violation of 18 U.S.C. §924(c). He was then

sentenced to imprisonment for 34 months on the first count and 60 months on the second

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. 34(f); 10th Cir. R. 34.1(g). The case is therefore ordered submitted without oral argument.

count, said terms to be served consecutively. At the same time, the district court ordered that upon defendant's release from imprisonment, he be placed on supervised release for a term of three years on each count to run concurrently. Upon his release from imprisonment on June 9, 2004, the defendant was placed on supervised release.

On August 1, 2006, the United States Probation Office filed in the district court a Petition for Warrant or Summons for Offender Under Supervision, citing, *inter alia*, numerous violations by the defendant of the conditions of his supervised release, and asking that his term of supervised release be revoked. A hearing was held on that petition on August 18, 2006. At this hearing, defendant was represented by appointed counsel later appointed to represent him in this appeal. At the hearing, the defendant did not contest any of the numerous violations alleged in the petition, but did ask that any term of confinement be served in a community corrections facility or by home detention. The district court rejected the defendant's request and sentenced defendant to imprisonment for a total term of 24 months for his violations of the conditions of his supervised release. The defendant then filed a timely notice of appeal.

Counsel thereafter filed in this Court a so-called *Anders* Brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). In the "Preamble" in his brief, counsel for the defendant stated that in accordance with *Anders*, he had carefully examined the facts and matters contained in the record on appeal and had researched the law in connection therewith, and concluded that defendant's "appeal presents no legally non-frivolous questions." Counsel further stated that in so doing, he had examined the Sentencing Reform Act and the United

States Sentencing Guidelines and "has thoroughly read the record."

Pursuant to *Anders*, counsel presents three issues for our review: (1) the district court erred in revoking defendant's supervised release, (2) the district court, after revoking the defendant's supervised release, erred in imposing a term of imprisonment which exceeds the advisory guidelines for the revocation of his supervised release, and (3) the term of imprisonment imposed by the district court was "unreasonable" under *U.S. v Booker*, 543 U.S. 220 (2005). Each of these matters will be considered seriatim.[1]

The first issue raised in this appeal is whether the district court erred in revoking defendant's supervised release and sentencing him to imprisonment. An order revoking supervised release is reviewed for abuse of discretion. *U.S. v. McAfee*, 998 F.2d 835, 837 (10th Cir. 1993).

Our review of the record indicates that in revoking defendant's term of supervised release, the district court did not abuse its discretion. As indicated, defendant was released from prison in 2004 and was on supervised release some 2 years before his supervised release was revoked. During this time, the defendant had repeatedly violated the conditions of his release, which the defendant concedes. Those violations need not be recited here. In short, defendant has a very serious problem with drugs. In revoking defendant's 3 year sentence of supervised release and imposing a sentence of 2 more years

---

[1]In response to counsel's *Anders* brief, the United States has advised this Court that it "waives its response in this appeal, unless this Court directs otherwise." We have not "directed otherwise."

imprisonment, the district court opined that it was doing so "to give your treatment <u>there</u> because you won't take treatment <u>here</u>".  (Emphasis ours).  In revoking defendant's original sentence of 3 years supervised release, the district court did not abuse its discretion.

Following up on the foregoing, the defendant also submits that the district court erred in imposing a two year imprisonment sentence upon the revocation of defendant's three year term of supervised release.  United States Sentencing Guidelines, Chapter 7, relates to Violations of Probation and Supervised Release.  That chapter states at the outset that it is promulgating "policy statements only."  Guideline §7B1.4 does provide that a guideline range for one with a Grade C violation with a Criminal History Category III (which fits the defendant) is 5-11 months.  However, 18 U.S.C. §3583(e)(3) provides that a person with a Class C felony may be required to serve not more than two years in prison.

It is defendant's position on this matter that he should have been sentenced to 5-11 months imprisonment upon the revocation of his supervised release and not two years imprisonment.  That argument was considered and rejected by this Court in *United States v. Burdex*, 100 F.3d 882 (10th Cir. 1996).

The final matter raised in this court, though not in the district court, is that defendant's term of imprisonment for 24 months upon the revocation of his 3 year term of supervised release "was unreasonable under *Booker*."  *U.S. v. Booker*, 543 U.S. 220 (2005).  Not having been raised in the district court, our review is for "plain error."  *U.S. v.*

- 4 -

*Burbage*, 365 F.3d 1174, 1180 (10th Cir. 2004).

In regard to this issue, it should be noted that the defendant did not contest, and in fact admitted, that he had indeed violated the terms of his supervised release repeatedly. Thus, there were no disputed facts.

As already indicated, the guideline range for the revocation of a term of supervised release for one with a Grade C violation with a Criminal History Category of III, which would include the defendant, is 5-11 months imprisonment. However, it should again be noted that at the very outset of Chapter 7 of the Guidelines, Chapter 7 was declared to be "policy statements only." So, Chapter 7 was never mandatory, but only advisory. The district court obviously knew that the Guidelines in Chapter 7 were not mandatory and sentenced defendant pursuant to 18 U.S.C. §3583(e)(3).

We reject the suggestion that the 2 year sentence was "unreasonable" under 18 U.S.C. §3553. Defendant's violations of the provisions of his supervised release were repeated and serious in nature.

Judgment affirmed.[2]

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge

---

[2]Counsel's motion to withdraw is granted.