**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

LARRY DARRELL JONES,

     Defendant - Appellant.

No. 08-5183
(D.C. No. 06-CR-00143-JHP-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.[**]

     Defendant-Appellant Larry Darrell Jones appeals from the revocation of his

supervised release and imposition of an 11-month term of imprisonment followed

by 25 months' supervised release. Mr. Jones' appellate counsel has filed a

motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738

(1967). Mr. Jones was served with a copy of the Anders brief and did not file a

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

response.  Aplt. Br. 10; see 10th Cir. R. 46.4(B)(2).  Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we dismiss the appeal finding no meritorious issues.  We also grant counsel's motion to withdraw.

On June 18, 2007, Mr. Jones was sentenced to 24 months' imprisonment followed by three years of supervised release, having pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  1 R. Doc. 16.  Mr. Jones had completed his term of imprisonment on May 27, 2007, and was ultimately released on June 27, 2008.  1 R. Doc. 19 at 1 n.1.  On July 28, 2008, the Probation Office filed an Order on Supervised Release, alleging that Mr. Jones failed to report to the probation office within 72 hours of his release from the Bureau of Prisons.  1 R. Doc. 19.  Mr. Jones stipulated to this violation, and the district court continued sentencing for 60 days and released him back into the community.  1 R. Doc. 32; 2 R. at 9, 15-19.  On October 23, 2008, the Probation Office filed a second Order on Supervised Release, alleging Mr. Jones was in violation of his conditions of release by testing positive for use of a controlled substance on three separate occasions, and failing to appear for urine testing.  1 R. Doc. 33.  Mr. Jones admitted to being in violation of these conditions, and the district court revoked his term of supervised release and sentenced him based upon a Guideline range of 5-11 months, given a criminal history category of III and a Grade C violation.  See U.S.S.G. §§ 7B1.1(a)(3) (Grade C violation), 7B1.3(a)(2) (court may revoke or extend

- 2 -

supervised release), 7B1.4(a) (range); 1 R. Doc. 41; 2 R. at 22-24, 28-29. Mr. Jones subsequently appealed. 1 R. Doc. 43.

When counsel submits an Anders brief accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). After reviewing the record, we agree with counsel's assessment that no potential meritorious issues exist on appeal; nothing suggests that the district court abused its discretion. See United States v. McAfee, 998 F.2d 835, 837 (10th Cir. 1993).

The record indicates that Mr. Jones' stipulations to his violations of the conditions of release were knowing and voluntary. He was informed of his right to a hearing, and advised of the potential sentence that could result from a revocation of his supervised release. 2 R. at 22-24. Therefore, the district court properly accepted Mr. Jones' stipulations. Nothing suggests that the imposition of the sentence was procedurally unreasonable, and given a Guidelines sentence, it is presumptively reasonable. Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006). Furthermore, the district court adequately considered the applicable factors in 18 U.S.C. § 3553(a) and the policy statements and, in light of the repeated violations, imposed a substantively reasonable sentence. 2 R. at 30-31.

Accordingly, we DISMISS the appeal and GRANT counsel's motion to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge